that, the value of the property not having been fixed on the trial, the plaintiffs were not entitled to costs under subdivision 2 of section 3228 of the Code of Civil Procedure. The section thus referred to defines when the plaintiff is entitled to costs of course upon the rendering of a final judgment in his favor. Subdivision 2 reads as follows:

"(2) An action to recover a chattel. But if the value of the chattel, or of all the chattels, recovered by the plaintiff, as fixed, together with the damages, if any, awarded to him, is less than $50, the amount of his costs cannot exceed the amount of the value and the damages."

It must be conceded at the outset that the case was not one in which it was necessary to fix the value of the chattel pursuant to section 1726 of the Code of Civil Procedure. That section provides that:

"The verdict, report, or decision must fix the damages, if any, of the prevailing party. Where it awards to the plaintiff a chattel, which has not been replevied, or where it awards to the prevailing party a chattel, which has been replevied, and afterwards delivered by the sheriff to the unsuccessful party, or to a person not a party, it must also, except in a case specified in the next section, fix the value of the chattel, at the time of the trial."

In this case, as we have seen, while the chattel was replevied, it was not afterwards delivered by the sheriff to the unsuccessful party, but continued to remain in the hands of the plaintiffs, who succeeded in the action. While, then, it was not necessary that such value should be determined, the plaintiffs could have had it assessed for the purpose of supporting their claim for costs. It will be noticed that subdivision 2 of section 3228 refers to the value of the chattels "as fixed," a proper construction of which, in such a case as this, it seems to me, calls for a judicial determination ascertaining such value, the appropriate occasion for which is upon the trial of the action. Although it appears that the plaintiffs testified that the property was worth about $200, and no further evidence was given by either party upon the subject, I do not think that this was a fixing of such value within the meaning of the Code. The question seems to have been settled adversely to the contention of the plaintiffs in the case of Lockwood v. Waldorf, 91 Hun, 281, 36 N. Y. Supp. 199. I feel constrained, therefore, to deny this motion for an order directing the clerk of the court to tax the plaintiffs' costs.

Motion denied, without costs.

(37 App. Div. 345.)

BISHOP v. CORNING.

(Supreme Court, Appellate Division, Fourth Department. February 3, 1899.)

VOLUNTARY PAYMENT.

Plaintiff's recovery of a bank book cannot be defeated on the principle of voluntary payment, where, her son having accidentally set fire to defendant's property, she transferred the book to defendant, not willingly, but because of some supposed legal liability on account of the son's act; defendant having no right, or pretense of right, but merely having asked

plaintiff if she could not make him some recompense for the loss, and asked her to sign a writing transferring the book.

Appeal from trial-term, Monroe county.

Action by Julia Bishop against J. Sherwood Corning. From a judgment on a verdict directed for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

The following is the opinion of the court below (NASH, J.):

"Both parties having moved to direct a verdict, it became a question of law for the court to determine, upon all of the evidence, which of the parties was entitled to recover. The action is replevin for the recovery of the plaintiff's bank book, delivered in pursuance of, or in accordance with, a writing executed and delivered by the plaintiff to the defendant, by the terms of which the plaintiff agreed to give to the defendant the sum of $400 and the interest upon a deposit of that sum in the East Side Savings Bank of Rochester, N. Y. The writing recites that the son of the plaintiff having, while playing with matches, unintentionally set fire to the defendant's buildings, she, of her own free will, desired to make 'part payment of the loss' sustained by the act of the plaintiff's son. The plaintiff's husband was in the defendant's employ as a farm laborer. He was without property. The defendant made a claim upon the husband for some compensation for his loss. The husband said he had no property. The defendant said to him that his wife had money in the bank, and asked him to speak to her about it, which he refused. The defendant then applied to the plaintiff, and asked her if she could not make him some recompense for the loss. She said she had only this $400 her mother left her; that she thought it would be pretty hard to give that up, but that she would do it if she had to. The defendant left with her a writing similar to the one in evidence, and requested her to sign it or write out a paper. She copied it, leaving out something that was said about the fire, signed, and gave the paper to the defendant, and delivered to him her bank book. The plaintiff and her husband are simple-minded English people, of apparently the limited information in regard to affairs that is ordinarily found in persons of their station in life, and were without knowledge as to their legal rights. The transfer of the plaintiff's bank book to the defendant was not in fact voluntary, as stated in the writing. While there was no such duress or restraint as would avoid a contract upon that ground, she did not give up her bank book willingly. It was because she felt that she had to do it on account of some supposed legal liability to the defendant for the act of her son. The transfer of the bank book was wholly without consideration, legal or moral, and ought not to be upheld, unless some imperative rule of law requires it. The doctrine of voluntary payment is invoked to sustain the validity of the transfer. This doctrine proceeds upon the rule that a person cannot yield to an asserted right, and pay a sum of money demanded on account of such right, and afterwards maintain an action to recover it back, on the ground that he was not legally forced to do the thing demanded. Pierson v. Crooks, 115 N. Y. 554, 22 N. E. 349. The authorities cited in support of the defendant's contention, that the doctrine of voluntary payment is applicable, are all cases where the action was in the nature of an action for money had and received, voluntarily paid upon the compromise of a doubtful claim, or payment of a void assessment, or a tax paid by the plaintiff which he was under no obligation to pay, because the assessment was void. In all such cases, the courts hold that the doubtful claim or the illegal assessment or tax must be resisted; if paid voluntarily, with full knowledge of the facts, the money cannot be recovered back. Here the agreement to pay and the transfer of the bank book were not made in satisfaction of a claim which could have been properly made the subject of a compromise or which was of doubtful validity. The promise to pay, pursuant to which the bank book was delivered, is without foundation in law. The plaintiff did not yield to an asserted right. There was no right, or pretense of right, of the defendant to the payment. The transfer of the bank book was made because of some supposed liability where there was none, and where no claim of right could have been asserted.

It is suggested that, there being an agreement to give and a delivery of the bank book, it may be upheld as a gift. There being no intention of the plaintiff to make a gift, it cannot be regarded as such. In equity and good conscience, the bank book belongs to the plaintiff; and, without an authority precisely in point adverse to the plaintiff's right to recover, I am of the opinion that the plaintiff was entitled to the direction of a verdict awarding to her the possession of her property. The case is not embarrassed by any claim made in behalf of the defendant that an action by the plaintiff to recover possession of the bank book is not the proper remedy. Motion for a new trial upon the minutes denied."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

J. A. Adlington, for appellant.

Zachary P. Taylor, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, on the opinion of NASH, J., delivered at trial term.

___

(39 App. Div. 613.)

### HIRSHFIELD v. BOPP et al.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

BANKS—INDIVIDUAL LIABILITY OF STOCKHOLDERS—ACTION TO ENFORCE.

　　Under Laws 1892, c. 689, § 52, making bank stockholders individually responsible, equally and ratably, and not one for another, for debts of the bank, for the par value of the stock, in addition to its cost, an action to enforce the liability must be by all the creditors against all the stockholders.

Appeal from special term, New York county.

Suit by Jacob Hirshfield, suing for himself and on behalf of the other creditors of the Madison Square Bank, against John Bopp and others. From an order denying a motion for leave to intervene and be made parties plaintiff, the Lager-Beer Brewers' Board of Trade of New York & Vicinity and others appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Louis Marshall, for appellants.

Albert Stickney, for respondents Bloomingdale and Stokes.

John A. Straley, for respondents Buttenweiser and Mayer.

Benno Loewy, for respondents Shayne and Wolfsohn.

J. Langdon Ward, for respondent Josephy.

W. C. Prime, for respondent Lounsberry.

Frederick W. Holls, for respondents John Bopp, Lena Bopp, Ehret, Hasslocker, and Tritsch.

Charles A. Boston, for respondents Plant, Baldwin, and others.

Samuel S. Thomas, for respondent Pulsifer.

McLAUGHLIN, J. The plaintiff, as a creditor of the Madison Square Bank, brought this action, in behalf of himself and all other creditors similarly situated who might come in and contribute to the expenses of the litigation, against all the stockholders of the bank, to enforce an alleged liability under section 52 of chapter 689 of the